*727 OPINION.
Murdock:
Sections 218(a) of the Revenue Acts of 1918 and 1921, provide that
* * * There 8⅛11 be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, * * *
The petitioner herein reported only the amount of money actually distributed to him by the partnership in any given year, and not, as provided by the Revenue Acts, his distributive share of the net income of the partnership. He stated on the witness stand that it might so happen that a large amount of money would be received by the firm just at the end of the year, which would not be distributed until the succeeding year. In that case he would report his share in the year in which it was distributed to him. It is clear that the petitioner did not report his income as required by law, and that the Commissioner correctly determined that the petitioner was taxable on his distributable share of partnership income, whether distributed or not. Fred Truempy, 1 B. T. A. 349.
With respect to the proper amount of depreciation to be allowed the petitioner on his law library, West stated that he and Sherman first began acquiring the library about 20 years ago. He did not know how much of Ihe library was acquired in any particular year, but stated that probably two-thirds of the present library was acquired before March 1, 1913. He also stated that there was approximately $30,000 worth of books in the library, about one-half of which belonged to Sherman, the rest belonging to him. There is no evidence as to the useful life of the books, although West stated that all of the books that had been acquired through the years, with the exception of certain textbooks and annual digests, are still in use. Obviously, from the evidence we are unable to determine what would be a proper allowance for depreciation, and the determination of the Commissioner in this respect is therefore approved.
*728 There is no question but that a part, at least, of the $1,200 per annum received by the petitioner' from his firm for the purpose of purchasing books for his law library was income to him. “ Gross income ” is defined in the Revenue Acts of 1918 and 1921, as including “income derived from any source whatever.” If, on the other hand, the petitioner was entitled to deduct from this income any expenses in maintaining the library, we are unable to determine the amount of any such expenses from the evidence and the action of the Commissioner in this respect is therefore approved.

Judgment will be entered for the respondent.